BUCKLEY v SMALL

1. LIMITATION OF ACTIONS—CONTRACTS.

A cause of action for damages under a construction contract accrues on the day the construction is completed and is governed by the six-year statute of limitations (MCLA 600.5807).

2. ARBITRATION AND AWARD—DEMAND—TIMELINESS—EQUITABLE DEFENSES.

Arbitration must be demanded within a reasonable time of the accrual of a cause of action and may be denied if any equitable defense is applicable.

3. ARBITRATION AND AWARD—LACHES—ESTOPPEL—WAIVER.

A plaintiff lost his contractual right to arbitration of damages under a construction contract through laches, estoppel, and waiver by his refusal to attend two arbitration hearings and by delaying his request for arbitration for more than six years, equivalent to the statute of limitations, although he knew what his damages were at the time of completion of his work under the contract; his failure to act diligently and in good faith bars him from relief under law or in equity (MCLA 600.5815).

Appeal from Shiawassee, James M. Teahen, J. Submitted Division 2 January 3, 1974, at Lansing. (Docket No. 16343.) Decided March 29, 1974.

Complaint by Jerry J. Buckley against Irving H. Small and Lina L. Small for recovery for extra work and appointment of an arbitrator under a construction contract. Defendants' motion for accelerated judgment or summary judgment denied,

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts § 357.

51 Am Jur 2d, Limitation of Actions §§ 101, 106.

[2] 5 Am Jur 2d, Arbitration and Award §§ 20, 140.

[3] 5 Am Jur 2d, Arbitration and Award §§ 21, 51.

Waiver of arbitration provision in contract, 161 ALR 1427.

and the appointment of an arbitrator ordered. Defendants appeal by leave granted. Reversed and remanded.

*Irving H. Small,* for defendants.

Before: LESINSKI, C. J., and HOLBROOK and BASH-ARA, JJ.

PER CURIAM. On June 12, 1965, plaintiff completed construction of a residential structure which he had contracted to build on defendants' property. The contract included a clause providing for arbitration should any dispute arise between the parties. It appears from the record that a dispute over compensation for extra work did arise which prompted defendants to request an arbitration hearing in July of 1965. Plaintiff failed to attend the hearing on the appointed day and was also absent from a second scheduled hearing.

Nothing further occurred until July 30, 1971 when plaintiff filed the present action seeking recovery for alleged extra work performed under the contract and appointment of an arbitrator. Defendants moved for accelerated judgment or summary judgment contending that the six-year statute of limitations period had expired on June 12, 1971 and that plaintiff's action was thus barred. The trial judge denied the motion and further ordered that an arbitrator be appointed pursuant to MCLA 600.5015; MSA 27A.5015. Defendants appeal from the orders and findings made by the trial court.

There can be no quarrel that the first count in plaintiff's action seeking contract damages was barred by the six-year statute of limitations. MCLA 600.5807; MSA 27A.5807. That cause of action accrued on the day the construction was

complete which by plaintiff's own admission was June 12, 1965.

The remaining question is whether the plaintiff's alternative equitable request for appointment of an arbitrator was barred by either the statute of limitations, waiver, or laches. MCLA 600.5815; MSA 27A.5815. There is general agreement that a demand for arbitration must be made within a reasonable time and may be denied if any equitable defense is applicable. 5 Am Jur 2d, Arbitration and Award, Cum Supp, § 21, p 42. This Court is persuaded that more than six years delay, equivalent to the statute of limitations in this case, was too long under the circumstances. Plaintiff had knowledge in 1965 of what his damages were and should have sought relief before any evidence could be lost or memories faded.

The facts of the case and the actions of the plaintiff in refusing to attend two arbitration hearings also mandate a decision barring his relief based on laches, estoppel, and waiver. As stated in 25 ALR 3d 1171 § 2(a), p 1176:

"It is well settled that a party's contractual right to arbitration *may be lost through his conduct,* and delay in asserting a contractual right to arbitration is only one of several types of conduct which have been recognized as resulting in such loss". (Emphasis supplied.)

Plaintiff's failure to act diligently and in good faith bars him from relief under law or equity.

Reversed and remanded for judgment consistent with this opinion.