NIELSEN v BUTTERWORTH HOSPITAL

Docket No. 112146. Submitted January 11, 1990, at Grand Rapids. Decided March 5, 1990. Leave to appeal applied for.

On June 28, 1984, Nancy J. Nielsen and Phillip Nielsen filed a medical malpractice action in the Kent Circuit Court against Butterworth Hospital, Felix D. Barnett, M.D., and Ray Hoag, M.D., alleging negligent performance of an abdominal hysterectomy on Nancy Nielsen on August 4, 1982. Defendants moved to dismiss and compel arbitration pursuant to an agreement signed by Nancy Nielsen prior to her surgery. The trial court granted the motion and entered an order to this effect on December 27, 1984. Plaintiffs filed a demand for arbitration on April 16, 1986. Defendants moved to dismiss asserting a statute of limitations defense. Plaintiffs responded that the filing of the action on June 28, 1984, tolled the running of the limitation period. On September 10, 1987, the arbitration panel dismissed plaintiffs' demand based on the statute of limitations. On September 27, 1987, plaintiffs filed a complaint in the Kent Circuit Court to vacate the panel's decision and a motion for summary disposition. Defendants moved to confirm the panel's dismissal. The trial court, George V. Boucher, J., denied plaintiffs' motion to vacate the arbitration award, granted defendants' motion to confirm the award and dismissed plaintiffs' action. Plaintiffs appealed.

The Court of Appeals held:

1. The arbitration panel committed a clear error of law by directly applying a statute of limitations to plaintiffs' demand for arbitration. While a statute of limitations may be used by an arbitration panel as a guide to determining the timeliness of a demand, such statutes cannot be applied directly to arbitration proceedings to bar untimely demands. Such error constituted a clear error of law so material and but for which the

REFERENCES

Am Jur 2d, Arbitration and Award §§ 21, 26, 74.

Statute of limitations as bar to arbitration under agreement. 94 ALR3d 533.

decision would have been different. The circuit court erred in upholding the panel's decision.

2. Reversed and remanded with instructions to remand to the arbitration panel for further proceedings.

Reversed and remanded.

1. ARBITRATION — VACATION OF AWARDS.

A circuit court may set aside an arbitration award where on its face it appears that the arbitrators through an error in law have been led to a wrong conclusion and that, but for such error, a substantially different award would have been made; such legal error must be so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise; the focus is the materiality of the legal error and not whether a rule of law was so well established that the arbitrators should have known of it.

2. ARBITRATION — LIMITATION OF ACTIONS.

The timeliness of an arbitration proceeding is a procedural issue to be determined by the arbitrators rather than the courts.

3. ARBITRATION — LIMITATION OF ACTIONS.

A demand for arbitration must be made within a reasonable time and may be denied if any equitable defense is applicable.

4. ARBITRATION — LIMITATION OF ACTIONS.

A statute of limitations applicable to actions in a court of law may be used by an arbitration panel as a guide to determining the timeliness of a demand for arbitration but may not be applied directly to arbitration proceedings to bar an untimely demand.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiffs.

*Gruel, Mills, Nims & Pylman* (by *Norman H. Pylman* and *Thomas R. Behm*), for Butterworth Hospital and Ray Hoag, M.D.

*Farr & Oosterhouse* (by *Joel E. Krissoff*), for Felix D. Barnett, M.D.

Before: MURPHY, P.J., and HOOD and NEFF, JJ.

HOOD, J. Plaintiffs appeal as of right the September 20, 1988, order of the Kent Circuit Court (1) denying plaintiffs' motion to vacate an arbitration award, (2) granting defendants' motion to confirm the award, and (3) dismissing plaintiffs' action. We reverse.

Plaintiff Nancy Nielsen underwent an abdominal hysterectomy on August 4, 1982, and was discharged from the hospital on August 10, 1982. Subsequently, on June 28, 1984, Nancy Nielsen and her husband filed a medical malpractice action against defendants alleging that the procedure was negligently performed, resulting in injuries to her lower right extremity.

Defendants brought motions to dismiss plaintiffs' complaint and compel arbitration pursuant to an arbitration agreement entered into on August 1, 1982.[1] Following a hearing, the circuit court granted defendants' motions and an order to this effect was entered on December 27, 1984.[2]

Plaintiffs filed a demand for arbitration on April 16, 1986. Defendants filed a motion to dismiss the demand asserting that plaintiffs' arbitration claim was barred by the statute of limitations, MCL 600.5805(4); MSA 27A.5805(4). Plaintiffs' defense to the motion was that the filing of the action in the circuit court on June 28, 1984, tolled the running of the limitation period.

In an opinion issued on September 10, 1987, the arbitration panel, in pertinent part, ruled:

> The critical question then is whether or not the Circuit Court action tolled the running of the statute. Logically and from a standard of fair play,

---

[1] Nancy Nielsen signed the arbitration agreement prior to her surgery.

[2] Plaintiffs asserted that their counsel never received a notice of entry of this order or copy of the order. Defense counsel could not provide proof of service.

it would appear that such a filing did in fact toll the statute. . . .

This panel, however, is bound by the law of the State of Michigan as it applies to this issue. The controlling case appears to be *Mair v Consumers Power Co,* 419 Mich 74 [348 NW2d 256] (1984), in which our State Supreme Court held that an administrative proceeding does not toll the running of the applicable statute of limitations.

*    *    *

Plaintiffs also claim that since the arbitration of this proceeding is controlled by an Arbitration Agreement, i.e. a contract, . . . that Michigan's six year statute of limitations on contracts and not the two year statute should apply. Firstly, this proceeding is not brought as a result of any "breach" of the arbitration agreement. . . . Secondly, it certainly would be illogical to conclude that the Legislature intended by adopting the Michigan Medical Malpractice Arbitration Act to extend three fold the commonly understood two year statute of limitations.

Based upon the above rationale, the panel dismissed plaintiffs' demand.

On September 27, 1987, plaintiffs filed a complaint to vacate the panel's decision in the circuit court. Plaintiffs also filed a motion for summary disposition and defendants filed a motion to confirm the panel's dismissal of the demand.

Following a June 3, 1988, hearing, the court issued a written opinion denying plaintiffs' motion and granting defendants' motion to confirm. The court, in part, opined:

Essentially, the arbitration panel denied plaintiffs' claim for lack of timeliness, which is clearly a matter for the panel, whether its opinion on the question be couched in terms of statute of limitations or laches. *Brown v Holton Public Schools,* 397 Mich 71 [243 NW2d 255] (1976). The Court is

not satisfied by the authorities relied upon by plaintiffs that a demand for medical malpractice arbitration must forever be obeyed or that an unsuccessful attack in court on the arbitration agreement must always be considered by the panel as time-out from the timeliness countdown.

The underlying claim here was subject in a court action to a two-year statute of limitations. [MCL 600.5805] MSA 27A.5805. Whether the timeliness of arbitration is controlled by statute of limitations, waiver, or laches, or all three, a delay which exceeds the statute of limitations applicable to the underlying claim, even when tolled by the lawsuit, is too long. *Buckley v Small,* 52 Mich App 454 [217 NW2d 422] (1974).

On appeal, plaintiffs assert that the circuit court erred in failing to vacate the arbitration panel's decision as it was based on a fundamental legal error.

After careful review of the arguments cited in support of plaintiffs' position, we find that the determinative issue is whether the arbitration panel committed a clear error of law by applying a statute of limitations to plaintiffs' demand for arbitration.[3] We feel that it did.

The standard of judicial review of an arbitration award was stated by our Supreme Court in *DAIIE v Gavin,* 416 Mich 407, 443; 331 NW2d 418 (1982), quoting *Howe v Patrons' Mutual Fire Ins Co of Michigan,* 216 Mich 560, 570; 185 NW 864 (1921):

> [W]here it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led

---

[3] Plaintiffs' arguments on appeal are: (1) no statute of limitations applies to arbitration demands; (2) if a limitation period does apply, it should be six years and such period was tolled by plaintiffs' filing of the action in the circuit court; and (3) the circuit court had power to review and reverse the panel's decision.

to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the award and decision will be set aside.

The character or seriousness of a legal error which will invite judicial action to vacate an arbitration award "must be error so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise." *DAIIE v Gavin, supra,* p 443. Furthermore, a reviewing court should focus on the materiality of the legal error and not on the question whether a rule of law was so well established that the arbitrators should have known of it. *Id.,* pp 443-444.

It has been well established that the timeliness of an arbitration proceeding is a procedural issue to be determined by the arbitrators rather than the courts. *Bennett v Shearson Lehman-American Express, Inc,* 168 Mich App 80, 83; 423 NW2d 911 (1987). A demand for arbitration must be made within a reasonable time and may be denied if any equitable defense is applicable. *Buckley v Small,* 52 Mich App 454, 456; 217 NW2d 422 (1974).

In rendering its decision, the panel utilized the two-year statute of limitations contained in MCL 600.5805(4); MSA 27A.5805(4), applicable to malpractice cases in general.[4] However, our review of this provision indicates that it refers only to the requisite time frame within which an *action* alleging malpractice must be filed. The statute specifically uses the term *action* which we believe does not encompass *demands* for arbitration, but, rather, refers only to suits filed in a court of law.

Furthermore, our research has not revealed any support in prior Michigan case law for the proposi-

---

[4] Neither the arbitration agreement in this case nor the Malpractice Arbitration Act provided a statute of limitations for arbitration demands.

tion that a statute of limitations barring actions in a court should be applied to arbitration demands. While we acknowledge that a statute of limitations may be used by an arbitration panel as a *guide* to determining the timeliness of a demand, we decline to hold that such statutes can be applied *directly* to arbitration proceedings to bar untimely demands.

As the result of our review of the arbitration decision in this case we find that the panel did not utilize the two-year statute of limitations in an analogous manner, but applied the statute directly to bar plaintiffs' demand. We recognize that the timeliness of an arbitration proceeding is to be determined by the arbitrators, *Bennett, supra.* However, we find that the panel's *direct* application of the two-year limitation period constituted a clear error of law so material and but for which the decision would have be different. *DAIIE v Gavin, supra.* Therefore, the circuit court erred in upholding the panel's decision.

In light of the above conclusion, we find it unnecessary to address the issues of what statute of limitations should be applicable and whether the limitation period was tolled.[5]

We reverse the circuit court's order confirming the panel's decision and remand to the circuit court with instructions to remand the case to the arbitration panel for further proceedings consistent with this opinion.

Reversed and remanded. We retain no further jurisdiction.

[5] We do note that *Mair v Consumers Power Co,* 419 Mich 74; 348 NW2d 256 (1984), upon which the arbitration panel relied, dealt with whether prior *administrative* proceedings tolled the statute for filing a subsequent *court* action. Not only is that the exact converse of this case, but *Mair* was specifically based on the language of the tolling statute which does not specifically allow tolling from noncourt proceedings. Neither *Mair* nor any of the other cases referred to by the panel address the expansion of the *Mair* holding to *court* proceedings.