NIELSEN v BARNETT

NIELSEN v BUTTERWORTH HOSPITAL

Docket Nos. 88642, 88685. Argued November 5, 1991 (Calendar No. 3). Decided June 16, 1992.

Nancy J. Nielsen and Phillip Nielsen brought a medical malpractice action in the Kent Circuit Court against Dr. Barnett, Butterworth Hospital, and Dr. Hoag, alleging negligence in the performance of an abdominal hysterectomy. The court, George V. Boucher, J., granted the defendants' motion to dismiss the case and to compel arbitration pursuant to the arbitration agreement. Following arbitration, the panel granted the defendants' motion to dismiss the plaintiffs' claims as untimely on the basis of the two-year statute of limitations applicable to medical malpractice claims. Thereafter, the plaintiffs filed a complaint in the circuit court, seeking to vacate the arbitration award. The court granted the defendants' motion to confirm the award. The Court of Appeals, MURPHY, P.J., and HOOD and NEFF, JJ., reversed, holding that the arbitration panel erred in applying the two-year statute of limitations directly to bar the plaintiffs' claim in the arbitration proceeding, rather than applying the statute by analogy (Docket No. 112146). The defendants appeal.

In an opinion by Justice BRICKLEY, joined by Justices RILEY, GRIFFIN, and MALLETT, the Supreme Court held:

The broad grant of authority in the arbitration agreement between the parties includes the authority to assess the timeliness of the plaintiffs' arbitration demand. The application of the malpractice statute of limitations to the plaintiffs' claim also was within the reasonable expectations of the parties. Thus, the arbitrators did not err in directly applying the statute to bar the plaintiffs' claim rather than using the statute only as a guide to the determination of timeliness. Even though the statute of limitations was tolled during the pendency of the plaintiffs' circuit court action, the plaintiffs' subsequent demand for arbitration was untimely.

1. The arbitration agreement signed by the parties while not explicitly subjecting the plaintiffs' claim to a period of limitation, provided that any arbitration was to be conducted in

accordance with Michigan law and the Michigan Medical Arbitration Rules, as approved by the Commissioner of Insurance. Thus, the parties' arbitration agreement is governed by the Malpractice Arbitration Act. The act, however, does not include a provision specifying a period of limitation for medical malpractice claims brought before an arbitration panel.

2. The arbitration agreement at issue in this case provides the arbitrators with a broad grant of authority to determine whether the defendants owed a duty to the plaintiffs; whether the defendants breached the standard of care; whether any breach of the standard of care was a proximate cause of the plaintiffs' injury; the amount, if any, of the plaintiffs' damages; and, in the first instance, whether the plaintiffs' claim was stale. The absence in the agreement of a provision explicitly authorizing the arbitrators to make a determination of timeliness is not fatal. The arbitration panel did not exceed its authority by directly applying the two-year malpractice statute of limitations to the plaintiffs' claim. The arbitrators judged the timeliness of the claim by the same standard that would have applied had the plaintiffs pursued their claim in court, a result clearly within the contemplation of the parties.

3. The statute of limitations was not tolled until the plaintiffs received notice of the entry of the judgment in the circuit court. The plaintiffs were present when the circuit judge dismissed their suit and ordered them to arbitrate; thus, they had actual knowledge of the substance of the court's judgment, and their lack of notice of the entry of the judgment did not extend the tolling period.

Reversed.

Justice LEVIN, joined by Chief Justice CAVANAGH and Justice BOYLE, concurring in part and dissenting in part, stated that the timeliness of an arbitration proceeding is to be determined by the arbitrators. While a statute of limitations may be used by an arbitration panel as a guide to determining the timeliness of a demand for arbitration, it may not be applied directly to arbitration proceedings to bar untimely demands. Because the panel in this case clearly felt bound to apply the statute directly to bar the demand, remand to the panel is required to permit consideration of other factors that might be appropriate.

182 Mich App 507; 452 NW2d 848 (1990) reversed.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*) for the plaintiffs.

*Farr & Oosterhouse* (by *Joel E. Krissoff* and *Steven L. Skahn*) for defendant Barnett.

*Gruel, Mills, Nims & Pylman* (by *Norman H. Pylman* and *Thomas R. Behm*) for defendants Butterworth Hospital and Hoag.

BRICKLEY, J. We are asked to determine whether the arbitration panel below erred by denying the plaintiffs' claim because it was barred by the statute of limitations governing malpractice claims.[1] We hold that the arbitrators did not exceed their authority in finding that the plaintiffs' claim was untimely.

I

FACTUAL BACKGROUND

Plaintiff Nancy J. Nielsen was admitted to defendant Butterworth Hospital on August 1, 1982, underwent an abdominal hysterectomy on August 4, and was released from the hospital on August 10. Plaintiff signed an agreement, dated August 1, 1982, to arbitrate any claims or disputes that arose out of or in connection with the health care rendered during her hospital stay. Upon her release from the hospital, plaintiff was aware of the symptoms upon which she bases her medical malpractice claim.

On June 22, 1984—twenty-two months and twelve days after plaintiff was released from the hospital—plaintiffs filed suit in Kent Circuit Court, alleging medical malpractice by defendants Butterworth Hospital, and Drs. Hoag and Barnett. Defendants brought a motion to dismiss and to compel arbitration pursuant to the arbitration agreement. The circuit judge heard oral argument on

[1] MCL 600.5838; MSA 27A.5838.

December 7, 1984, and, ruling from the bench, granted defendants' motion. An order was entered by the Kent Circuit Court on December 27, 1984.

Plaintiffs filed their demand for arbitration on or about April 16, 1986—nearly sixteen months after the circuit court's order dismissing and compelling arbitration, and over three and one-half years after plaintiff was released from the hospital. In response to plaintiffs' demand for arbitration, defendants filed in the arbitration proceedings a motion to dismiss plaintiffs' claim as untimely, pursuant to the two-year statute of limitations applicable to malpractice claims. MCL 600.5805(4); MSA 27A.5805(4). The arbitration panel found that the plaintiffs' claim was barred by the statute of limitations on the basis of its theory that the plaintiffs' circuit court suit did not toll the statute.

On September 30, 1987, plaintiffs filed a complaint in Kent Circuit Court, seeking to vacate the arbitration award. Plaintiffs subsequently moved for summary vacation of the award, and defendants countermoved for confirmation. The circuit court held that "[w]hether the timeliness of arbitration is controlled by statute of limitations, waiver, or laches, or all three, a delay which exceeds the statute of limitations applicable to the underlying claim, even when tolled by the lawsuit, is too long." The court therefore granted defendants' motion to confirm the award, denied plaintiffs' motion to vacate the award, and dismissed plaintiffs' cause of action.

Plaintiffs appealed, and the Court of Appeals reversed, holding that the arbitration panel erred by applying the two-year statute of limitations directly to bar the plaintiffs' claim in the arbitration proceeding, rather than applying the statute of limitations by analogy. The Court held that, but

for this clear error of law, the arbitration panel's decision would have been different. 182 Mich App 507; 452 NW2d 848 (1990).

We granted defendants' application for leave to appeal, 437 Mich 1006 (1991), and now conclude that the Court of Appeals erroneously reversed the decision of the trial court.

II

It is undisputed that the arbitration agreement signed by the parties does not explicitly subject the plaintiffs' claim to a period of limitation. The agreement provides that "any arbitration will be conducted in accordance with Michigan Law and the Michigan Medical Arbitration Rules, as approved by the Commissioner of Insurance." The parties' arbitration agreement is governed by the Malpractice Arbitration Act (MAA), MCL 600.5040 *et seq.*; MSA 27A.5040 *et seq.*, which applies to

the arbitration of a dispute, controversy, or issue arising out of or resulting from injury to, or the death of, a person caused by an error, omission, or negligence in the performance of professional services by a health care provider, hospital, or their agent, or based on a claimed performance of such services without consent, in breach of warranty, or in violation of contract. [MCL 600.5040(1); MSA 27A.5040(1).]

The various sections of the MAA provide for, inter alia: the form of an arbitration agreement, MCL 600.5041-600.5042; MSA 27A.5041-27A.5042; representation by counsel and the standard of care, MCL 600.5043; MSA 27A.5043; the composition and selection of the arbitration panel, MCL 600.5044; MSA 27A.5044; demands for arbitration, MCL 600.5046(1); MSA 27A.5046(1); offers of repa-

ration, MCL 600.5047; MSA 27A.5047; discovery, MCL 600.5048; MSA 27A.5048; the conduct of an arbitration hearing, MCL 600.5050; MSA 27A.5050; and the relief available, MCL 600.5054(1); MSA 27A.5054(1). The MAA does not include a provision specifying a period of limitation for medical malpractice claims brought before an arbitration panel.

Although the Michigan Medical Arbitration Rules now provide that the same period of limitation applies whether a malpractice claim is brought in court or before an arbitration panel,[2] at the time plaintiffs demanded arbitration the rules did not specifically provide for a period of limitation. The statute of limitations that now clearly governs malpractice claims in arbitration defines when a claim based on malpractice accrues and, by incorporating other sections of the RJA,[3] it also defines when an action must be commenced. MCL 600.5838; MSA 27A.5838.

The parties dispute whether, absent an express provision in the agreement providing a period of limitation, the arbitrators could find that the plaintiffs' claim was untimely. Conceding that the arbitration agreement is silent on the issue of timeliness, the defendants argue that because the agreement directs the arbitrators to apply "Michigan Law," the panel correctly dismissed the plaintiffs' claim pursuant to the statute of limitations applicable to malpractice claims. The plaintiffs argue, however, that the statute defining the period of limitation for malpractice claims only ap-

[2] Section 3 of the amended Michigan Medical Arbitration Rules provides that "[a] claim based on the malpractice of a person or entity shall be filed in accordance with MCL 600.5838[1] and MSA 27A.5838(1)." The amended rules apply to cases filed on or after January 1, 1989, and to cases pending before the American Arbitration Association as of that date.

[3] MCL 600.101 et seq.; MSA 27A.101 et seq.

plies to court actions. Further, the plaintiffs assert that because no statute of limitations applies to their claim, the arbitrators erred in finding that the plaintiffs' demand for arbitration was untimely.

The plaintiffs argue that the statute of limitations governing the timeliness of malpractice claims is not applicable to claims brought before an arbitration panel because that statute uses the term "action." MCL 600.5805(1); MSA 27A.5805(1) provides:

> A person shall not bring or maintain an *action* to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff . . . , the *action* is commenced within the periods of time prescribed by this section. [Emphasis added.]

This section further provides that "the period of limitations is 2 years for an *action* charging malpractice." MCL 600.5805(4); MSA 27A.5805(4) (emphasis added). The plaintiffs argue that if the Legislature had intended this statute of limitations to apply to arbitration proceedings, as opposed to court actions, the Legislature would not have used the term "action."

We need not address the parties' arguments with regard to legislative intent. Instead, we find the facts in this case analogous to the facts supporting our decision in *Gordon Sel-Way, Inc v Spence Bros, Inc,* 438 Mich 488; 475 NW2d 704 (1991). In *Gordon Sel-Way,* the arbitration award in favor of plaintiff Sel-Way included an amount designated as "interest." It was undisputed that the arbitration agreement between the parties did not explicitly provide for an award of interest. The circuit court modified the award by striking the amount identified as "interest," and the Court of

Appeals affirmed that decision. The lower courts agreed with defendant Spence that the arbitrators exceeded the scope of their authority by making an award of interest absent express authority to do so under the terms of the arbitration contract. *Id.* at 494.

This Court reversed the decisions of the lower courts, finding that the absence of an interest provision in the contract was not fatal. *Id.* at 497-498. We noted, first, that because arbitration is a matter of contract, the arbitration agreement confers upon the arbitrators their authority to act and they are bound to act within the terms of the agreement. *Id.* at 496. However, we rejected the defendant's argument that an award of interest is only authorized if explicitly provided for in the agreement. We reasoned instead that the arbitrators' authority to award interest as an element of damages was derived from the broad language of the agreement giving the arbitrators the authority to resolve all claims arising out of the contract or its breach. *Id.* at 498. We emphasized that the common-law doctrine of awarding interest as an element of damages has long been recognized in Michigan. *Id.* at 499. Therefore, we held that the arbitrators' award of damages including common-law interest did not exceed the panel's authority to fully compensate Sel-Way for the loss of the use of its money. *Id.* at 498.

As with common-law interest, Michigan law has long provided that the resolution of claims in court actions is subject to periods of limitation. See 1846 RS 140. By enacting a statute of limitations, the Legislature determines the reasonable period of time given to a plaintiff to pursue a claim. *Lothian v Detroit,* 414 Mich 160, 165; 324 NW2d 9 (1982). The policy reasons behind statutes of limitations include: the prompt recovery of damages, penaliz-

ing plaintiffs who are not industrious in pursuing claims, security against stale demands, relieving defendants' fear of litigation, prevention of fraudulent claims, and a remedy for general inconveniences resulting from delay. *Id.* at 166-167. Such policies, of course, are equally relevant both to actions filed in court and to claims pursued in binding arbitration under the MAA.[4]

In *Gordon Sel-Way,* as a matter of contract construction, we concluded that the arbitrators had the authority to include in their award a measure of interest as an element of damages. In that case, Sel-Way's claim was for breach of contract, thus the broad grant of authority to the arbitrators allowed them

> to ascertain the parties' contractual obligations, to determine whether either party had breached the contract, the date the breach occurred, and the proper amount of damages, including the determination whether to include common-law interest as an element of damages in order to fully compensate Sel-Way for the loss of the use of its money. [*Id.* at 498.]

The arbitration agreement at issue in this case also provides the arbitrators with a broad grant of authority to resolve

> any claims or disputes . . . which may arise in the future out of or in connection with the health care rendered to [the plaintiff] during this hospital stay and/or emergency room visit by [defendant] hospital, its employees and those of its independent staff doctors and consultants who have agreed to arbitrate.

---

[4] The agreement provides that "judgment of any circuit court may be rendered upon any award or determination made pursuant to this agreement." See also MCL 600.5057; MSA 27A.5057 and MCR 3.602(L).

The absence of a provision in the agreement explicitly authorizing the arbitrators to make a determination of timeliness is not fatal. Just as the arbitrators were authorized to determine whether the defendants owed a duty to the plaintiffs, whether the defendants breached the standard of care, whether any breach of the standard of care was a proximate cause of the plaintiffs' injury, and the amount, if any, of the plaintiffs' damages, we believe that the broad grant of authority also empowered the arbitrators to determine whether, in the first instance, the plaintiffs' claim was stale.

III

While a determination of timeliness was clearly within the broad authority granted to the arbitrators by the arbitration agreement, we must address whether the particular period of limitation applied by the arbitrators was consistent with the parties' reasonable expectations in agreeing to arbitrate any future claims or disputes. The arbitration panel below found that, pursuant to MCL 600.5838; MSA 27A.5838, the plaintiffs' claim accrued on August 10, 1982, the date that plaintiff Nancy J. Nielsen was discharged from the defendant hospital. Because the plaintiffs did not demand arbitration until on or about April 16, 1986, well over two years after their claim accrued, the panel found that the plaintiffs' claim was barred by the malpractice statute of limitations. MCL 600.5805(4); MSA 27A.5805(4).

The Court of Appeals, in reversing the arbitrators' decision, agreed with the plaintiffs that, because of the Legislature's use of the term "action" in the statute of limitations, the statute applies only to actions filed in court. The Court held that the panel erred in applying the statute of limita-

tions "directly" to the plaintiffs' claim and that instead the panel should have used the statute only as a "guide" to its determination of timeliness. 182 Mich App 513. We do not address the correctness of the Court of Appeals decision as a matter of statutory interpretation. However, as a matter of contract interpretation, we hold that the arbitration panel did not exceed its authority by "directly" applying the two-year malpractice statute of limitations to the plaintiffs' claim.

By applying the malpractice statute of limitations to the plaintiffs' claim, the arbitrators judged the timeliness of the claim by the same standard that would have applied had the plaintiffs pursued their claim in court. We believe that such a result was clearly within the contemplation of the parties to this arbitration agreement. It was certainly not beyond the reasonable expectations of the parties that the arbitration panel would judge the timeliness of the plaintiffs' claim consistent with the Legislature's determination of the appropriate period of limitation for a malpractice claim. Thus, absent a provision in the arbitration agreement explicitly stating when a demand for arbitration must be made, we hold that the arbitrators did not exceed their authority by determining, pursuant to MCL 600.5838; MSA 27A.5838, that the plaintiffs' claim was untimely.

IV

We must resolve one additional issue raised by the plaintiffs. The plaintiffs argue that if the arbitrators did not err in applying the malpractice statute of limitations to their claim, the panel did err in finding that the statute was not tolled during the pendency of the plaintiffs' circuit court action. We agree with the plaintiffs that the panel should have allowed them the benefit of the tolling

provision in MCL 600.5856; MSA 27A.5856.[5] Thus,
when the plaintiffs filed an action in Kent Circuit
Court on June 22, 1984, and served the defendants
with a copy of the summons and complaint, the
limitation period found in MCL 600.5805(4); MSA
27A.5805(4) was tolled. We disagree, however, that
the statute of limitations was tolled until plaintiffs
received notice of the entry of the judgment. Plain-
tiffs were present when the circuit judge dismissed
their suit and ordered them to arbitrate; thus,
they had actual knowledge of the substance of the
court's judgment, and their lack of notice of the
entry of the judgment did not extend the tolling
period. We do not find it necessary to decide,
therefore, whether a tolling period might continue
after the date of entry of a judgment where a
plaintiff had no knowledge of the court's judgment
and did not receive notice of the entry of the
judgment.

V

CONCLUSION

We hold that the broad grant of authority in the
arbitration agreement between the parties in-
cludes the authority to assess the timeliness of the
plaintiffs' arbitration demand. Further, the appli-
cation of the malpractice statute of limitations to
the plaintiffs' claim was also within the reasonable
expectations of the parties. Thus the arbitrators
did not err in directly applying the statute to bar
the plaintiffs' claim rather than using the statute

_____

[5] The tolling statute provides, in part:

  The statutes of limitations are tolled when (1) the complaint
is filed and a copy of the summons and complaint are served on
the defendant . . . . [MCL 600.5856; MSA 27A.5856.]

only as a guide to the determination of timeliness. Finally, even though the statute of limitations was tolled during the pendency of the plaintiffs' circuit court action, the plaintiffs' subsequent demand for arbitration was untimely. We therefore reverse the decision of the Court of Appeals and reinstate the circuit court order denying the plaintiffs' motion to vacate the arbitration award.

RILEY, GRIFFIN, and MALLETT, JJ., concurred with BRICKLEY, J.

LEVIN, J. (*concurring in part and dissenting in part*). I would affirm the Court of Appeals because it did not err in concluding that the arbitrators felt bound to apply either the two-year medical malpractice[1] or six-year contract[2] statute of limitations.[3]

The Court of Appeals recognized that the timeliness of an arbitration proceeding is to be determined by the arbitrators. The Court said that the

---

[1] MCL 600.5805(4); MSA 27A.5805(4).

[2] MCL 600.5807; MSA 27A.5807.

[3] The arbitration panel said:

> This panel, however, is bound by the law of the State of Michigan as it applies to this issue.
>
> * * *
>
> Plaintiffs also claim that since the arbitration of this proceeding is controlled by an Arbitration Agreement, i.e. a contract, signed by the plaintiff at the time of her admission to Butterworth Hospital, that Michigan's six year statute of limitations on contracts and not the two year statute should apply. Firstly, this proceeding is not brought as a result of any "breach" of the arbitration agreement. The arbitration agreement does not establish substantive rights and duties of the parties in their dealings with each other, but rather only establishes the forum where any prospective disputes are to be resolved. Secondly, it certainly would be illogical to conclude that the Legislature intended by adopting the Michigan Medical Malpractice Arbitration Act to extend three fold the commonly understood two year statute of limitations.

arbitration panel "did not utilize the two-year statute of limitations in an analogous manner," but rather "applied the statute directly to bar plaintiffs' demand."[4]

The Court of Appeals acknowledged that the "statute of limitations may be used by an arbitration panel as a *guide* to determining the timeliness of a demand . . . ." (Emphasis in original.)[5] The Court went on to hold, however, that the statute of limitations cannot be applied "*directly* to arbitration proceedings to bar untimely demands." (Emphasis in original.)[6]

The same principle that requires remand to a trial judge to exercise discretion where it appears that the judge was not aware that discretion was to be exercised,[7] requires remand to a panel of arbitrators that so clearly felt bound to apply, in the words of the Court of Appeals, the statute of limitations "directly" to bar the cause of action without regard to other factors that might appropriately be considered.

I would affirm the Court of Appeals and, accordingly, would remand to the panel of arbitrators for further proceedings consistent with the opinion of the Court of Appeals.

CAVANAGH, C.J., and BOYLE, J., concurred with LEVIN, J.

---

[4] 182 Mich App 507, 513; 452 NW2d 848 (1990).

[5] *Id.*

[6] *Id.*

[7] *Kelso v Montgomery Ward & Co, Inc,* 439 Mich 868 (1991); *Fetz Engineering Co v Ecco Systems, Inc,* 439 Mich 977 (1992).