BROWN v HOLTON PUBLIC SCHOOLS

Docket No. 57277. Argued June 9, 1976 (Calendar No. 5).—Decided
July 8, 1976.

Bruce Brown, a probationary teacher dismissed by the Holton
Public Schools, and the Holton Education Association brought a
complaint in Muskegon Circuit Court, James F. Schoener, J.,
against the Holton Board of Education for enforcement of an
arbitration award of reinstatement with back pay. Brown filed
a grievance 46 days after the initial decision not to renew his
contract, 4 days after the school board voted to affirm the
refusal of a contract following a hearing before the board. The
collective bargaining agreement between the Holton Education
Association and the school board required that a grievance be
filed within 30 days of knowledge about the item. The school
board refused to participate in the arbitration proceedings,
even after the arbitrator found the grievance to be arbitrable.
The circuit court granted summary judgment for the defendant,
finding that the grievance was not timely filed, and the Court
of Appeals, T. M. Burns, P. J., and McGregor and D. F. Walsh,
JJ., affirmed (Docket No. 21002). Plaintiffs appeal. *Held:*

The issue of timeliness was a potential defense that should
have been raised and resolved before the arbitrator; the circuit
court and the Court of Appeals erred in considering that issue.
The arbitrability of the grievance, however, is an issue to be
decided by the court.

The decision of the Court of Appeals is vacated and the case
remanded to that Court for disposition of the remaining issues
raised by the appeal.

62 Mich App 328; 233 NW2d 274 (1975) reversed.

*Foster, Swift & Collins, P. C.* (by *Lynwood E.
Beekman)* for plaintiffs.

*Street, Stevens, Schuler, Johnson, Hipkiss, Pia-
secki & Knowlton* for defendant.

Amicus Curiae: *Gregory, Van Lopik & Higle* (by

*J. Douglas Korney)* for Detroit Police Officers Association.

PER CURIAM. Plaintiff Bruce Brown was a probationary teacher for defendant Holton Public Schools. On March 26, 1973, the Holton school board decided not to issue a contract to Brown for the 1973–1974 school year. A letter dated April 4, 1973, bearing the superintendent's signature, notified Brown of the school board's action and advised him that the school board "will be meeting Monday, April 9, and you are on the agenda for 7:00 p.m. if you would care to discuss this decision with them". The contract between the school board and the Holton Education Association specifically provided that if there was a question of whether a teacher would be offered a contract, "the teacher may have a hearing before the Board". The hearing was eventually held on April 26, 1973. On May 7, 1973, the school board voted to "uphold" its prior decision.

On May 11, 1973, Brown filed a grievance which stated he had been unjustly discharged. The Holton Education Association demanded arbitration, under the grievance procedure established in its contract with the school board. Having determined that the subject of the grievance was not within the scope of the contract, the school board declined to participate in the arbitration proceeding.

An arbitrator first found the grievance to be arbitrable and invited the school board to participate in the proceedings. The school board again declined. The arbitrator then rendered an award to Brown which required the school board to reemploy Brown under a teaching contract for the 1973–1974 school year.

The school board did not comply with the award

of the arbitrator. Brown therefore filed a complaint in Muskegon Circuit Court to compel enforcement of the award. In an affirmative defense filed March 7, 1974, the school board alleged that the grievance was not timely filed, because plaintiff Brown had not met the contractual requirement that "[a]ny grievance filed under this contract must be filed within 30 days of know[ledge] about the grievable item". Both sides filed motions for summary judgment. The circuit judge granted the school board's motion on the grounds that the issue was not arbitrable and that the grievance was not timely filed:

"Plaintiff claims the time did not run from the announcement of the fact that the board was not renewing his contract (March 26, 197[3]) but from a refusal of the board to rescind its action on May 7, 1973. Such a tactic, would allow the indefinite extension of a right that is set for a definite 30 days. This could not have been the intention of the parties and the arbitration was clearly beyond the arbitrator's authority to assume jurisdiction in this matter."

The Court of Appeals agreed with the circuit judge's opinion on timeliness and found that issue dispositive. 62 Mich App 328; 233 NW2d 274 (1975).

Procedural questions should be left to the arbitrator. *John Wyley & Sons, Inc v Livingston,* 376 US 543; 84 S Ct 909; 11 L Ed 2d 898 (1964). Timeliness has been considered a procedural matter. *Carey v General Electric Co,* 315 F2d 499 (CA 2, 1963); *Local Lodge No 595 of District No 152 International Association of Machinists v Howe Sound Co,* 350 F2d 508 (CA 3, 1965); *Tobacco Workers International Union, Local 317 v Lorillard Corp,* 448 F2d 949 (CA 4, 1971).

"The company's contention that the union failed to file the grievances relating to discharge of the employees within the requisite time limits, is without merit. It can raise that defense before the arbitrator but not before this court." *Trailways of New England, Inc v Amalgamated Association of Street, Electric Railway & Motor Coach Employees of America, AFL-CIO, Division 1318,* 343 F2d 815, 818 (CA 1, 1965).

In *Davis v Pro Basketball, Inc,* 381 F Supp 1 (SD NY, 1974), the contract provided for the filing of grievances within 20 days from the occurrence upon which the grievance was based. The parties disagreed on the date from which the 20 days were to be measured. The district judge, relying on *John Wyley & Sons,* held that the issue should be resolved by the arbitrator, who would be more familiar with that industry's grievance procedures than would the court.

We agree. The 30-day period could well run from the date the school board upheld its decision not to issue a contract to Brown. The arbitrator, more familiar with teacher association-school board grievance procedures, should have been allowed to resolve that issue. The question of timeliness was a potential defense that the school board should have raised before the arbitrator and not the court. The circuit judge and the Court of Appeals erred in considering this issue.

We express no opinion on the arbitrability of Brown's grievance, however. That, of course, is an issue to be decided by the court. *Kaleva-Norman-Dickson School District No 6 v Kaleva-Norman-Dickson School Teachers' Association,* 393 Mich 583; 227 NW2d 500 (1975). We therefore vacate the judgment of the Court of Appeals and remand to

that Court for disposition of the remaining issues raised by Brown's appeal in that Court.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, and RYAN, JJ., concurred.

LINDEMER, J., took no part in the decision of this case.