BENNETT v SHEARSON LEHMAN-AMERICAN EXPRESS, INC

Docket No. 88939. Submitted May 20, 1987, at Detroit. Decided October 22, 1987.

Charles A. Bennett and Marcia Bennett brought an action in the Wayne Circuit Court against Shearson Lehman-American Express, Inc., alleging violation of the Michigan Consumer Protection Act and breach of contract arising out of defendant's handling of plaintiffs' brokerage account. Defendant defended by filing a motion to stay proceedings pending arbitration, alleging that plaintiffs were required to submit the controversy to arbitration. The circuit court, Lucile A. Watts, J., denied defendant's motion on the belief that defendant's delay in seeking arbitration precluded its reliance on an arbitration provision in the contract between the parties. The circuit court then denied defendant's motion for rehearing or reconsideration. The Court of Appeals then granted defendant leave to appeal and stayed the circuit court proceedings pending this appeal.

The Court of Appeals *held:*

1. Defendant did not have the burden of submitting the controversy at issue to arbitration and, hence, its delay in seeking arbitration was not cause for denial of its motion for a stay of proceedings pending arbitration.

2. Defendant promptly demanded its right to arbitration upon becoming aware of the dispute following plaintiffs' filing of the complaint.

3. The burden of initiating arbitration in this case was on the plaintiffs.

4. The timeliness of bringing an arbitration proceeding is a procedural issue to be determined by the arbitrators rather than the court.

The circuit court's order is vacated and the case is remanded.

REFERENCES

Am Jur 2d, Arbitration and Award §§ 20, 54.

Construction and effect of contractual or statutory provisions fixing time within which arbitration award must be made. 56 ALR3d 815.

See also the annotations in the Index to Annotations under Arbitration and Award.

1. ARBITRATION — MATTERS IN DISPUTE.

There is no question to be arbitrated where there is no matter in dispute.

2. ARBITRATION — TIMELINESS.

Procedural matters arising out of a dispute are for the arbitrator and not the courts to determine where the substantive issues of the dispute are proper subjects for arbitration; the timeliness of the bringing of an arbitration proceeding is a procedural issue to be determined by the arbitrators rather than the courts.

*Hurwitz, Karp, Hirschman & Wallach, P.C.* (by *Miles Hurwitz* and *Peggy Goldberg Pitt*), for plaintiffs.

*Hertz & Schram, P.C.* (by *Bradley J. Schram* and *Gary M. Saretsky*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and GRIBBS and C. W. SIMON, JR.,* JJ.

PER CURIAM. On May 31, 1985, plaintiffs filed suit against defendant alleging negligence, violation of the Michigan Consumer Protection Act, MCL 445.901 *et seq.*; MSA 19.418(1) *et seq.*, and breach of contract arising out of defendant's handling of plaintiffs' brokerage account. Defendant subsequently filed a motion to stay proceedings pending arbitration, asserting that, under paragraph thirteen of the customer agreement signed by plaintiffs, plaintiffs were required to submit to arbitration controversies arising out of or relating to their account. Plaintiffs opposed defendant's motion contending that they had attempted to resolve the controversy with defendant during 1984, and that defendant's agent terminated negotiations by letter dated June 26, 1984. Plaintiffs also contended that defendant's delay in seeking arbitration precluded its reliance on the arbitra-

* Circuit judge, sitting on the Court of Appeals by assignment.

tion provision in the contract. The circuit court agreed with plaintiffs and denied defendant's motion. Leave to appeal was granted by this Court following the denial by the circuit court of defendant's motion for rehearing or reconsideration.[1]

Defendant raises three claims of error with respect to the circuit court's ruling, one of which we find dispositive. Specifically, defendant did not have the burden of submitting the controversy at issue to arbitration and, hence, its delay in seeking arbitration was not cause for denial of its motion for a stay of proceedings pending arbitration.

The arbitration provision of the customer agreement does not place the burden of initiating proceedings on either party. Rather, the agreement states "any controversy . . . shall be settled by arbitration." As noted by defendant, if there is no matter in dispute, there is no question to be arbitrated. *Toledo SS Co v Zenith Transportation Co,* 184 F 391, 404 (CA 6, 1911). In this case, defendant could not have been aware that plaintiffs felt an arbitrable dispute existed until plaintiffs filed their complaint on May 31, 1985. Hence it obviously would not have initiated arbitration proceedings before that time. Upon becoming aware of the dispute by the filing of the complaint, defendant promptly demanded its right to arbitration.

Since plaintiffs were contractually bound to arbitrate any controversies arising out of their brokerage account, and since plaintiffs were the aggrieved parties and the only ones who were aware, between June 26, 1984, and May 31, 1985, that a dispute existed, the burden of initiating arbitration proceedings was on them. Affirmation of the trial court's decision that defendant should have initiated arbitration proceedings earlier than it did

---

[1] Defendant's motion to stay the circuit court proceedings pending this appeal was also granted by this Court.

would be contrary to common sense and judicial economy. As a result of such a decision, a defendant would be forced to seek arbitration any time it had any complaints against it.

In any event, a panel of this Court has held that where substantive issues of a dispute are proper subjects for arbitration[2] procedural matters arising out of the dispute are for the arbitrator and not the courts to determine. *Bay Co Building Authority v Spence Brothers,* 140 Mich App 182, 188; 362 NW2d 739 (1984), lv den 422 Mich 975 (1985). Likewise, the timeliness of the bringing of an arbitration proceeding is a procedural issue to be determined by the arbitrators rather than the courts. *Fenton Area Public Schools v Sorensen-Gross Construction Co,* 124 Mich App 631, 641; 335 NW2d 221 (1983), lv den 419 Mich 856 (1984). On these bases the trial court should have allowed the. matter to go to arbitration.

Accordingly, we conclude that the burden of initiating arbitration proceedings in this case was on plaintiffs and, hence, defendant's failure to do so was not a proper ground for denial of its motion.

The circuit court's order is vacated. The case is remanded with instructions to grant defendant's motion and stay proceedings pending arbitration.

---

[2] An issue on which there is no dispute in this case.