HEURTEBISE v RELIABLE BUSINESS COMPUTERS, INC

Docket No. 152041. Submitted July 14, 1994, at Detroit. Decided October 17, 1994, at 9:30 A.M. Leave to appeal sought.

Theresa A. Heurtebise brought an action in the Wayne Circuit Court against Reliable Business Computers, Inc., alleging that she was discharged from employment in violation of the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* The defendant filed a motion to dismiss or, in the alternative, to compel arbitration, arguing that the procedure outlined in an employee handbook required the plaintiff to submit her claim to arbitration. The court, Cynthia D. Stephens, J., denied the motion, finding the provision in the handbook regarding arbitration to be ambiguous and contrary to public policy. The defendant appealed by leave granted.

The Court of Appeals *held:*

The trial court erred in denying the motion to compel arbitration.

1. The provision requiring arbitration is not ambiguous. The plaintiff's claims for money damages and of discriminatory termination fall within the scope of the arbitration clause.

2. The record does not support the trial court's finding that there was no "meeting of the minds" between the parties with regard to the arbitration clause. In any event, mutual assent to a term of employment is not required.

3. There is no public policy prohibition against the enforcement of a valid arbitration agreement that provides for meaningful arbitration in matters involving civil rights questions.

Reversed and remanded.

1. MASTER AND SERVANT — TERMS OF EMPLOYMENT — MUTUAL ASSENT.

Mutual assent to a term of employment is not required before the term may be enforced.

REFERENCES

Am Jur 2d, Arbitration and Award §§ 20, 54, 59; Master and Servant §§ 15, 17.

Breach or repudiation of contract as affecting right to enforce arbitration clause therein. 32 ALR3d 377.

2. Arbitration — Public Policy — Civil Rights Questions —
   Agreements to Arbitrate.
   Public policy does not prohibit the enforcement of a valid arbitra-
   tion agreement that provides for meaningful arbitration in
   matters involving civil rights questions.

*Goodman, Eden, Millender & Bedrosian* (by *Christopher R. Holliday*), for the plaintiff.

*Shapack, McCullough & Kanter, P.C.* (by *Alan M. Kanter* and *Michael L. Geller*), and *Clark, Klein & Beaumont* (by *Jonathan T. Walton, Jr.,* and *Patricia Bordman*), for the defendant.

Before: Neff, P.J., and McDonald and M. Warshawsky,* JJ.

Per Curiam. Defendant appeals by leave granted from an April 16, 1992, order denying its motion to dismiss or compel arbitration in this action filed by plaintiff pursuant to the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, alleging discriminatory treatment in her discharge from her employment with defendant. We reverse.

Plaintiff was hired by defendant in May 1989, at which time she received a copy of defendant's employee handbook. The handbook stated employment with defendant could be terminated at any time with or without cause. The handbook also provided a mechanism by which an employee whose employment was terminated could seek internal review of the decision. The handbook stated an employee who followed the internal review procedure and was dissatisfied with the result could seek arbitration of the dispute. The handbook stated "any dispute, matter or contro-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

versy involving claims of monetary damages and/ or employment related matters . . . including, but not limited to, any and all claims relating to termination of employment" would be arbitrated pursuant to the rules of the American Arbitration Association. Plaintiff signed a document acknowledging receipt of the handbook and agreeing to conform to the procedures, rules, and regulations set forth therein.

Following her termination from employment, plaintiff filed the instant action in circuit court. Defendant filed a motion to dismiss or, in the alternative, to compel arbitration. Defendant argued pursuant to the procedure outlined in the employee handbook, plaintiff was required to arbitrate the dispute. The trial court denied defendant's motion, apparently finding the provision in the handbook requiring arbitration to be ambiguous and contrary to public policy. We disagree.

The provision requiring arbitration is not ambiguous. The clause plainly states that claims for money damages must be submitted to arbitration. Likewise, there is no valid question that plaintiff's claims for discriminatory termination fall within the scope of the arbitration clause. The claims are indisputably "employment related."

The trial court appears to have denied defendant's motion in part because it found there was no "meeting of the minds" between plaintiff and defendant with regard to the arbitration clause. The record does not support such a finding. Before beginning employment, plaintiff signed an acknowledgment form that stated that she agreed to conform to the various procedures, rules, and regulations of the company as set forth in the hand-

book. Moreover, even were the record devoid of plaintiff's express acceptance of the handbook's provisions, it is well established under Michigan law that mutual assent to a term of employment is not required. *In re Certified Question,* 432 Mich 438; 443 NW2d 112 (1989); *Carlson v Hutzel Corp of Michigan,* 183 Mich App 508; 455 NW2d 335 (1990); *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980).

Plaintiff's argument that the handbook specifically states that it does not create an enforceable contract is misguided. The provision plaintiff relies on addresses the at-will nature of plaintiff's employment, not the handbook in its entirety.

Finally, we find no "public policy" prohibition against the enforcement of a valid arbitration agreement that provides for meaningful arbitration in matters involving civil rights questions. See *Gilmer v Interstate/Johnson Lane Corp,* 500 US 20; 111 S Ct 1647; 114 L Ed 2d 26 (1991). To the contrary, arbitration has long been a favorable method of dispute resolution. *Detroit v A W Kutsche & Co,* 309 Mich 700; 16 NW2d 128 (1944). Thus, arbitration clauses are to be liberally construed with any doubts to be resolved in favor of arbitration. *Chippewa Valley Schools v Hill,* 62 Mich App 116; 233 NW2d 208 (1975). Contrary to plaintiff's suggestion, arbitration of plaintiff's claims will not result in the loss of her rights under the Civil Rights Act, but, instead, merely constitutes enforcement of an agreement to have those rights determined in a different forum. Arbitration does not impair the remedies afforded under the statute.

The trial court erred in denying defendant's

motion to compel arbitration.[1] Reversed and re-manded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[1] Defendant's failure to address on appeal the issue whether the trial court erred in denying defendant's motion to dismiss waives review of the issue. We note, however, that matters of procedural arbitrability (i.e. compliance with the procedural requirements of the arbitration clause or grievance procedure) are for the arbitrator to decide. *Bennett v Shearson, Lehman-American Express, Inc,* 168 Mich App 80; 423 NW2d 911 (1987).