AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL
EMPLOYEES, COUNCIL 25, AFL-CIO v HAMTRAMCK HOUSING
COMMISSION

Docket No. 293505. Submitted November 3, 2010, at Detroit. Decided
November 18, 2010, at 9:00 a.m.

American Federation of State, County & Municipal Employees,
Council 25, AFL-CIO, and its affiliated Local 666 brought an action
in the Wayne Circuit Court against the Hamtramck Housing
Commission, seeking, under the arbitration provision of the par-
ties' collective-bargaining agreement, arbitration of a dispute. The
court, Jeanne Stempien, J., denied plaintiff's motion for summary
disposition and dismissed the case, holding that plaintiff had
waived the right to arbitrate the grievance because the delay in
filing for arbitration was not reasonable. Plaintiff appealed.

The Court of Appeals *held*:

The collective-bargaining agreement clearly required arbitra-
tion of unresolved grievances that had been processed through the
grievance procedure. Nothing in the agreement explicitly excludes
determination of the issue of timeliness by the arbitrator. In light
of the presumption in favor of arbitrability, and the fact that
nothing in the language of the agreement provides positive assur-
ance that the arbitration clause does not cover the question of
timeliness, it must be concluded that the arbitrator, not the trial
court, must decide the issue. Allowing the arbitrator to determine
the question of timeliness is consistent with the purpose of
arbitration. Absent specific contractual language to the contrary,
whether the demand for arbitration is made before or after
expiration of the contract is not determinative of the arbitrability
of the grievance. The trial court, on remand, must enter an order
compelling arbitration.

Reversed and remanded.

1. LABOR RELATIONS — ARBITRATION — DUTY TO ARBITRATE.

The duty to arbitrate grievances arises from the contractual agree-
ment between an employer and its employees; where an employer
and a union have contractually agreed to arbitration, in the

absence of explicit contractual direction to the contrary, all doubts regarding the proper forum should be resolved in favor of arbitration.

2. ARBITRATION — SCOPE OF ARBITRATION — PRESUMPTION OF ARBITRABILITY.

Any ambiguity concerning whether a specific issue falls within the scope of an arbitration clause, such as whether a claim is timely, must be resolved in favor of submitting the question to the arbitrator for resolution; there is a presumption of arbitrability unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute; doubts should be resolved in favor of coverage.

3. ARBITRATION — ARBITRABILITY OF GRIEVANCES — TIMING OF DEMAND FOR ARBITRATION.

Whether a demand for arbitration is made before or after the expiration of the contract containing an arbitration clause is not determinative of the arbitrability of a grievance under the contract absent specific contractual language to the contrary.

*Cassandra D. Harmon-Higgins* and *Miller Cohen, P.L.C.* (by *Bruce A. Miller* and *Ada A. Verloren*), for plaintiff.

*Plunkett Cooney* (by *Ernest R. Bazzana*) for defendant.

Before: MURPHY, C.J., and METER and SHAPIRO, JJ.

PER CURIAM. Plaintiff appeals as of right a circuit court order denying plaintiff's motion for summary disposition and dismissing its complaint for arbitration on the basis that plaintiff "waived the right to arbitrate the subject grievance because the delay in filing for arbitration was not reasonable . . . ." We reverse and remand for the entry of an order compelling arbitration because the issue whether the grievance was not arbitrable because of laches was an issue for the arbitrator to decide, not the trial court.

We review de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich

109, 118; 597 NW2d 817 (1999). Although plaintiff was the party who moved for summary disposition, the trial court granted judgment in favor of defendant pursuant to MCR 2.116(I)(2) ("If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party."). Whether a court or an arbitrator should decide whether laches and waiver preclude arbitration of a grievance is a question of law also subject to review de novo. See *Gregory J Schwartz & Co, Inc v Fagan*, 255 Mich App 229, 231; 660 NW2d 103 (2003).

Procedural questions such as timeliness are generally left to the arbitrator. *Brown v Holton Pub Sch*, 397 Mich 71, 73; 243 NW2d 255 (1976). "The duty to arbitrate grievances arises from [the] contractual agreement between an employer and its employees." *Ottawa Co v Jaklinski*, 423 Mich 1, 22; 377 NW2d 668 (1985) (opinion by WILLIAMS, C.J.). Where an employer and a union have contractually agreed to arbitration, in the absence of explicit contractual direction to the contrary, all doubts regarding the proper forum should be resolved in favor of arbitration:

> [A]ny ambiguity concerning whether a specific issue falls within the scope of arbitration, such as whether a claim is timely, must be resolved in favor of submitting the question to the arbitrator for resolution. See *AT&T Technologies, [Inc v Communications Workers of America*, 475 US 643, 650 ;106 S Ct 1415; 89 L Ed 2d 648 (1986)]. In other words, there is a presumption of arbitrability " 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.' " *Id.*, quoting *United Steelworkers of America v Warrior & Gulf Navigation Co (On Remand)*, 363 US 574, 582-583; 80 S Ct 1347; 4 L Ed 2d 1409 (1960).

> [*Amtower v William C Roney & Co (On Remand)*, 232 Mich App 226, 234-235; 590 NW2d 580 (1998).][1]

The arbitration provision in the parties' collective-bargaining agreement (CBA) provides:

> Any unresolved grievances which relate to the interpretation, application, or enforcement of any specific article or section of this contract, or any supplementary agreement or letters and memorandums of understanding appended to this contract, which have been fully processed through the last step of the grievance procedure, shall be submitted to arbitration in strict accordance with the following:
>
> \* \* \*
>
> In any matter submitted to an arbitrator pursuant to this Agreement, the arbitrator shall strictly limit his/her decision to the interpretation, application or enforcement of this agreement and he/she shall be without power and authority to make any decision contrary to, or inconsistent with, or modifying or varying in any way, the terms of this Agreement.

The language of the provision clearly requires arbitration of unresolved grievances that have been processed through the grievance procedure. Moreover, there is nothing in the provision that explicitly excludes the issue of timeliness from the arbitrator. In light of the presumption in favor of arbitrability, and the fact that nothing in the language provides "positive assurance" that the arbitration clause does not cover the question of timeliness, we are bound to conclude that it is the arbitrator, not the trial court, that must decide the issue. *Amtower*, 232 Mich App at 235 (quotation marks and citations omitted).

---

[1] Although *Amtower* itself is not a labor case, it draws its applicable legal principles from cases that are labor cases. Accordingly, we conclude that it is appropriate to cite *Amtower* in this context.

Furthermore, we conclude that allowing the arbitrator to determine the question of timeliness is consistent with the purpose of arbitration. Allowing procedural challenges to be heard by a court rather than by the arbitrator runs contrary to the presumption of arbitrability and would leave every arbitration subject to piecemeal litigation, a result contrary to a central purpose of arbitration. See *John Wiley & Sons, Inc v Livingston*, 376 US 543, 558; 84 S Ct 909; 11 L Ed 2d 898 (1964), holding that reserving procedural issues for the courts would create "the difficult task of separating related issues" as well as "eliminate the prospect of a speedy arbitrated settlement of the dispute, to the disadvantage of the parties (who, in addition, will have to bear increased costs)," all of which are "contrary to the aims of national labor policy."

Because we conclude that the determinations regarding timeliness and the application of the defense of laches must be made by the arbitrator, we need not decide whether the trial court erred in its analysis of the issue.

Finally, we disagree with defendant's contention that it was not required to arbitrate the grievance because the CBA expired before plaintiff demanded arbitration. Although defendant cites *Ottawa Co*, 423 Mich 1, that case does not support defendant's position. In that case, the Court held that

> the right to grievance arbitration survives the expiration of the collective bargaining agreement when the dispute concerns the kinds of rights which could accrue or vest during the term of the contract. . . . [S]uch a rule recognizes and sustains both fundamental principles of law and the right of employees and employers to develop the common law of labor relations in their collective bargaining agreements. [*Id*. at 22 (opinion by WILLIAMS, C.J.).][2]

---

[2] See also *Ottawa Co*, 423 Mich at 24 n 9 (opinion by WILLIAMS, C.J.), and its approval of the holding in *Northern California Dist Council of Hod Carriers v Pennsylvania Pipeline, Inc*, 103 Cal App 3d 163; 162 Cal Rptr 851 (1980),

Therefore, absent specific contractual language to the contrary, whether the demand for arbitration is made before or after expiration of the contract is not determinative of the arbitrability of the grievance.[3]

Reversed and remanded to the trial court for an entry of an order compelling arbitration. We do not retain jurisdiction. Plaintiff may tax costs pursuant to MCR 7.219.

---

cert den 449 US 874 (1980), that the right to arbitrate "vests" on the date the alleged grievance arises, and is thus enforceable even if it is not demanded until after the contract expires.

[3] Contrary to defendant's assertion at oral argument, *AFSCME, Council 25 v Wayne Co*, 290 Mich App 348; ___ NW2d ___ (2010), is inapplicable to the present case. In *AFSCME*, the language of the contract explicitly provided that arbitration would apply only to " *'differences . . . aris[ing]* between the Employer and the Union *during the term of this agreement . . . .' " Id.* at 351 (emphasis added). Given that the dispute in *AFSCME* did not arise until more than a month after the relevant agreement had expired, we concluded that the dispute did not fall within the scope of the arbitration defined by the contract. By contrast, in this case, there is no basis to exclude the substantive dispute from arbitration and the only issue concerns the timing of the demand for arbitration—something that was not at issue in *AFSCME. AFSCME* did not deal with an attempt to divide a dispute into arbitrable and nonarbitrable portions. Instead, it was controlled by explicit contract language taking the entire dispute out of mandatory arbitration and it provides no guidance on the issue before us here.