Submitted January 27; reversed and remanded as to Parker Group Investments, LLC, otherwise affirmed September 28, 2016

THORNBURGH RESORT COMPANY, LLC,
*Plaintiff-Appellant,*

*v.*

LOYAL LAND, LLC,
an Oregon limited liability company, et al.,
*Defendants,*

*and*

PARKER GROUP INVESTMENTS, LLC,
an Oregon limited liability company;
Jeffrey Parker; and William Wilt,
*Defendants-Respondents,*

Deschutes County Circuit Court
11CV0655; A157667

385 P3d 1116

Gary Underwood Scharff and Law Office of Gary Underwood Scharff filed the briefs for appellant.

Thomas A. Larkin, Tyler J. Storti, and Stewart Sokol & Larkin LLC filed the brief for respondents Parker Group Investments, LLC, and Jeffrey Parker.

Craig A. Nichols and Nichols & Associates filed the brief for respondent William Wilt.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.

**TOOKEY, J.**

Plaintiff Thornburgh Resort Company, LLC (Thornburgh Resort), appeals from an interlocutory order denying its petition to compel arbitration. We conclude that the trial court erred in denying the petition to compel arbitration as it pertained to defendant Parker Group Investments, LLC (Parker Group), and, accordingly, reverse the order as to Parker Group.

The issue on appeal pertains to the arbitration provisions of an "Investment Agreement" executed by Thornburgh Resort, and defendants Parker Group, Jeffrey Parker and William Wilt, and by Kameron DeLashmutt, who is not a party to this action. The parties entered into the Investment Agreement in connection with the planned development of a resort near Bend, Oregon. The resort was never developed, and various actions pertaining to the resort's failure were filed by different parties involved in the failed development. Among those was this action, filed in August 2011, by Thornburgh Resort. Eventually Thornburgh Resort settled with some of the defendants in this action, and in May 2014, Thornburgh Resort filed a petition to compel arbitration as to the remaining defendants, pursuant to the arbitration provisions in the Investment Agreement. The trial court denied the petition, and Thornburgh Resort appeals.

Thornburgh Resort argues that, under the Investment Agreement, Parker Group, Parker, and Wilt must arbitrate their disputes with Thornburgh Resort. The arbitration provisions at issue are the same arbitration provisions we reviewed in *DeLashmutt v. Parker Group Investments, LLC*, 276 Or App 42, 47, 366 P3d 769 (2016), and we conclude, for the same reasons expressed in *DeLashmutt*, that, according to its terms, the requirement that disputes be subject to arbitration only applies to Thornburgh Resort, the "borrower" in the Investment Agreement, and Parker Group, the "lender" in the Investment Agreement. Consequently, the trial court's order was not in error as to defendants Parker and Wilt.

We address separately whether the trial court erred in denying Thornburgh Resort's petition to compel arbitration as to Parker Group. The arbitration provisions pertinent

to Thornburgh Resort's appeal are found in paragraph 12.3 of the Investment Agreement, which requires, as we have already noted, any disputes between Thornburgh Resort and Parker Group to "be submitted to binding arbitration." Paragraph 12.3 also provides:

"(h)   The filing of a court action is not intended to con-
stitute a waiver of the right of the Borrower or the Lender,
including the suing party, thereafter to require submittal
of the Claim to arbitration.

"(i)   By agreeing to binding arbitration, the parties
irrevocably and voluntarily waive any right they may have
to a trial by jury in respect of any Claim. Furthermore,
without intending in any way to limit this Agreement to
arbitrate, to the extent any Claim is not arbitrated, the
parties irrevocably and voluntarily waive any right they
may have to a trial by jury in respect of such Claim. This
provision is a material inducement for the parties entering
into this Agreement."

The trial court denied Thornburgh Resort's petition to compel, stating:

"It is entirely unclear why such motions were not filed
shortly after initiation of the cases in August, 2011. Referral
to arbitration almost three years later would create further
delay in resolution of these complex matters. The motions
to compel arbitration are denied."

On appeal, Thornburgh Resorts argues that the trial court erred in "failing to follow Oregon contract law by honoring the parties contractual agreement to arbitrate," and in failing to grant Thornburgh Resort's right to arbitrate, pursuant to the provisions of Oregon's Uniform Arbitration Act (UAA), ORS 36.600 to 36.740. Parker Group responds that the trial court's decision, in essence, determined that Thornburgh Resort had waived its right to arbitration. *See* ORS 36.620(1) ("An agreement * * * to submit to arbitration * * * is valid, enforceable and irrevocable except upon a ground that exists at law or equity for the revocation of a contract.").

We agree with Parker Group that the trial court essentially concluded that Thornburgh Resort waived its right to arbitration or that the doctrine of laches impaired

that right. For the following reasons, we conclude that the trial court erred in denying the petition on that basis. As Thornburgh Resort argues, and Parker Group does not dispute, the provisions of the UAA apply to the parties' arbitration agreement. ORS 36.620(2) provides that a "court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate," but ORS 36.620(3) provides that "[a]n arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled." In *Livingston v. Metropolitan Pediatrics, LLC*, 234 Or App 137, 145, 227 P3d 796 (2010), we held that the issue of waiver or estoppel is a "condition precedent to arbitrability," because it is "procedural" in nature, rather than a "substantive defense to arbitrability that grows out of the controversy itself." The same would be true for the application of the doctrine of laches. Consequently, waiver or laches is for an arbitrator to decide and not the court. *Id.*

In this case, the trial court denied the petition to compel arbitration on a basis reserved for the arbitrator, and it was error to do so.

Reversed and remanded as to Parker Group Investments, LLC; otherwise affirmed.